## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEVI MCRAE LUGINBYHL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-00937-JD |
| | ) | |
| LAWTON CORRECTIONS | ) | |
| REHABILITATION CENTER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is Judge Shon T. Erwin's Report and Recommendation [Doc. No. 30], to which Plaintiff Levi McRae Luginbyhl ("Plaintiff") objected [Doc. Nos. 33, 34]. As discussed below, the Court accepts and adopts the Report and Recommendation ("R. & R."), as modified.

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this § 1983 civil action against various defendants associated with the Lawton Correctional and Rehabilitation Facility ("LCRF"),[1] where he is currently incarcerated. [Doc. No. 1]. The Court referred this action to Judge Erwin for preliminary proceedings under 28 U.S.C. § 636(b)(1)(B)

---

[1] The Oklahoma Department of Corrections ("ODOC") has renamed LCRF to Red Rock Correctional Center. *See* https://oklahoma.gov/doc/newsroom/2025/odoc-to-rename-lawton-correctional-and-rehabilitation-facility.html (last visited Nov. 4, 2025). As noted by the R. & R.—which is not specifically objected to by Plaintiff—although Plaintiff purports to name LCRF, ODOC, and the State of Oklahoma as defendants in the case style, he does not list them as parties in his Third Amended Complaint. [*See* Doc. No. 30 at 9 n.1 (citing Doc. No. 26 at 1)]. The R. & R. states, and this Court agrees, that they are not considered defendants, nor would they be proper defendants in this action. [*See id.*]. The Court directs the Clerk of Court to terminate them on the docket.

and (C). [Doc. No. 4].

      Plaintiff has amended his complaint several times, and the Third Amended Complaint is the operative complaint. [*See* Doc. Nos. 15, 18, 20, 21, 22, 23, 24, 26].[2] In Judge Erwin's most recent order allowing Plaintiff to file a Third Amended Complaint, Judge Erwin issued several directives regarding the submission of the Third Amended Complaint. [*See* Doc. No. 24].[3]

      Judge Erwin reviewed the sufficiency of Plaintiff's Third Amended Complaint [Doc. No. 26] pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) and recommends that the Court:

    (1) dismiss all claims against Defendant Cole;

    (2) dismiss all claims against Defendant Myers;

    (3) dismiss all claims against Defendant Cation with the exception of Plaintiff's First Amendment claim regarding her alleged denials of unleavened bread and sea salt;

    (4) dismiss all claims against Defendant Harrigan;

    (5) dismiss the federal claims against Defendant Calhoun premised on the Takings Clause and the Due Process Clause;

---

[2] *See Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) (unpublished) (recognizing that an "amended complaint supersedes the original complaint and renders the original complaint of no legal effect") (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) and *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990)).

[3] Judge Erwin also has warned Plaintiff that Plaintiff is not authorized to file any additional amended complaints, supplements, briefs, or other pleading that would alter, amend, or add claims without first obtaining approval of the Court by filing a motion requesting such relief from the Court. [Doc. No. 29]. Judge Erwin cautioned Plaintiff that his failure to comply with Court orders will result in the dismissal of the action without further notice. [*Id.*].

(6) conclude that Plaintiff has stated state law claims for larceny and
conversion against Defendant Calhoun based on allegations regarding
her confiscation of Plaintiff's TV, knitted beanies, wall radio, rain
jacket, remote control hobby crafts,[4] prayer oils, sweatpants, and shorts;

(7) dismiss all claims against Defendant Hood; and

(8) dismiss all claims against Defendant Tim.

[Doc. No. 30 at 24].

The R. & R. advised Plaintiff of his right to object by June 28, 2024, which the
Court later extended until July 18, 2024, and warned that failure to file a timely objection
would waive the right to appellate review of the factual and legal issues in the R. & R.
[*Id.* at 25, Doc. No. 32 at 1]. Plaintiff filed two sets of objections to the R. & R. [Doc.
Nos. 33, 34].

In Plaintiff's first set of objections, he reasserts his arguments against Defendants
Cole, Myers, Harrigan, Calhoun, Hood, and Cation. [Doc. No. 33 at 1–2, 10–14]. Second,
Plaintiff asserts any errors in his Third Amended Complaint are due to lack of access to a
law library as a result of his confinement. [*Id.* at 3–4]. Third, Plaintiff argues that the R.
& R. did not consider material evidence relating to Defendant Cole. [*Id.* at 5, 6]. Fourth,
Plaintiff asserts Defendants Cole and Myers did not comply with the Americans with
Disabilities Act. [*Id.* at 6]. Fifth, Plaintiff states the court erred in concluding its
jurisdiction "is limited to 42 U.S.C. § 1983." [*Id.* at 7–10]. Lastly, Plaintiff claims the

---

[4] The R. & R. states "remote control hobby drafts," but based on the Third
Amended Complaint, the Court believes that to be a typographical error. [*See* Doc. No.
26 at 5 ("She took . . . remote control hobby crafts . . . .")].

court erred by not conducting an evidentiary hearing regarding his claims. [*Id.* at 14].

In Plaintiff's second set of objections, he seems to reassert his state law claim for conversion and claim for denial of medical care. [Doc. No. 34 at 1–2]. Plaintiff then seems to object to not having counsel appointed. [*Id.* at 2–4].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. The Court reviews de novo the objected-to portions of the R. & R. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). When an objection is improper (objections that are not timely or specific), the Court may review the R. & R. under any standard it deems appropriate. *Cisneros v. Gomez*, No. CIV-21-825-PRW, 2023 WL 2543435, at *1 (W.D. Okla. Mar. 16, 2023) (citing *Summers v. Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991)). The Court will construe Plaintiff's objections liberally because he is proceeding *pro se*, but the Court cannot serve as Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court addresses each of Plaintiff's objections below.

The bases of many of Plaintiff's objections are the same grounds upon which Plaintiff's Third Amended Complaint rested, rather than an alleged legal or factual error of the R. & R. [*See* Doc. No. 33 at 1–2, 10–14; Doc. No. 34 at 1–2]. The Court concludes

Plaintiff's arguments directed to the individual Defendants are reassertions of the same arguments presented in the Third Amended Complaint. *See Cisneros*, 2023 WL 2543435, at *1 (explaining that "an objection that merely reargues the underlying motion is little different than an objection that simply refers the District Court back to the original motion papers; both are insufficiently specific to preserve the issue for *de novo* review") (alteration and citations omitted). Additionally, reasserting the same claims presented in his Third Amended Complaint does not specifically identify legal or factual errors in the R. & R. *See id.* ("[I]n rehashing his previously raised arguments, [p]laintiff has not specifically identified any legal or factual errors committed by [the magistrate judge]."). Reviewing the R. & R. under either a de novo or clear error standard, the Court agrees with the R. & R.'s conclusions and recommendations regarding the individual defendants. To the extent that Plaintiff adds new factual bases for his claims in his objections, the Court cannot consider them. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (applying same standards to dismissals under § 1915 as dismissals under Fed. R. Civ. P. 12(b)(6) and limiting review to facts alleged in the complaint).

In Plaintiff's second objection, he cites his lack of access to the law library and legal resources as the basis for any defects in his Third Amended Complaint. [Doc. No. 33 at 3–4]. Plaintiff does not indicate any specific denial of access to the law library or how it impacted his ability to prepare his Third Amended Complaint. [*See id.*]. Instead, Plaintiff highlights the general disparity between his legal resources and Defendants'. [*See id.* at 4]. "To assert a violation of the constitutional right to adequate, effective, and meaningful access to the courts, a prisoner must allege facts indicating a denial of legal

resources and that the denial of such resources hindered his efforts to pursue a nonfrivolous claim." *Montana v. Lampert*, 262 F. App'x 914, 917 (10th Cir. 2008) (unpublished) (footnote omitted) (citing *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996)). Even assuming his objections to the R. & R. are the appropriate vehicle for Plaintiff to raise such allegations, Plaintiff has not demonstrated *how* his limited access to the law library or lack of legal assistance affected his ability to pursue nonfrivolous claims. *See also id.* at n.3 (explaining that "the right of access to the courts does not entail a constitutional right to a law library or professional legal assistance").

Plaintiff next argues that Judge Erwin did not consider material evidence regarding his claims against Defendant Cole. [Doc. No. 33 at 5, 6]. The material facts Plaintiff seems to assert that Judge Erwin did not consider are Plaintiff's communications to Defendant Cole regarding his Kosher diet. [*See id.* at 6]. The R. & R. concluded the Court should dismiss Plaintiff's claims against Defendant Cole because Plaintiff did not allege sufficient facts to show Defendant Cole was responsible for denying Plaintiff certain Kosher foods. [Doc. No. 30 at 12 ("Although Plaintiff states that certain foods were offered to other inmates that were not offered to [Plaintiff], he does not state that Defendant Cole was the responsible party.")]. In his objections, Plaintiff states that he told Defendant Cole the issues with his Kosher meals. [Doc. No. 33 at 5–6]. The Court concludes that Plaintiff did not include those factual allegations in his Third Amended Complaint, and thus the Court cannot properly consider them in determining whether to adopt the recommendation contained in the R. & R. *See Kay*, 500 F.3d at 1217 (applying same standards to dismissals under § 1915 as dismissals under Fed. R. Civ. P. 12(b)(6)

and limiting review to facts alleged in the complaint). From the Court's de novo review

of the R. & R. as it pertains to Plaintiff's denial of Kosher foods, the Court finds that the

R. & R. correctly concludes that the Third Amended Complaint does not contain

adequate allegations to show Defendant Cole was responsible for the deprivation. [*See,

e.g.*, Doc. No. 26 at 4 (describing denial of certain foods and not mentioning Defendant

Cole)].

      Plaintiff's fourth objection alleges that Defendants Cole and Myers did not comply

with the Americans with Disabilities Act. [Doc. No. 33 at 6]. The Court again notes that

this objection does not raise a point of error concerning the R. & R. To the extent

Plaintiff is raising claims not previously asserted against Defendants Cole and Myers, the

Court cannot consider claims first raised in Plaintiff's objections to the R. & R. *See*

*United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories

raised for the first time in objections to the magistrate judge's report are deemed

waived.").

      In Plaintiff's fifth objection, he objects to the R. & R.'s assertion of the basis for

jurisdiction—42 U.S.C. § 1983. The R. & R. did not base any of its recommendations

upon jurisdictional issues. [*See* Doc. No. 30]. Thus, the Court finds Plaintiff's objection

inapplicable to any of the reasoning underlying the court's recommendations.

      In Plaintiff's sixth objection, he objects to the lack of evidentiary hearing before

the court issued the R. & R. [Doc. No. 33 at 14]. An evidentiary hearing is inappropriate

because screening pursuant to § 1915, like a motion to dismiss, tests whether the facts

alleged in Plaintiff's Third Amended Complaint, taken as true, state a claim for plausible

relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court does not weigh the sufficiency of Plaintiff's evidence at this stage of the case.

The Court lastly addresses Plaintiff's arguments regarding his lack of counsel outlined in his second set of objections. [*See* Doc. No. 34 at 2–4]. Plaintiff seems to reassert his request for counsel in his objections. Judge Erwin previously denied Plaintiff's request for counsel without prejudice to Plaintiff's right to reassert his request. [Doc. No. 24 at 5]. To the extent Plaintiff wishes the Court to appoint him counsel, the Court directs Plaintiff to file a motion requesting counsel and addressing the following factors previously outlined in Judge Erwin's order: (1) the merits of the claims, (2) the nature of the claims, (3) Plaintiff's ability to present the claims, and (4) the complexity of the issues. [*See id.* at 4 (citing *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016)].

For the reasons outlined above, the Court overrules Plaintiff's objections, and the Court ACCEPTS and ADOPTS the R. & R. [Doc. No. 30]. Accordingly, the Court dismisses the following claims:

(1) all claims against Defendant Cole;

(2) all claims against Defendant Myers;

(3) all claims against Defendant Cation with the exception of Plaintiff's First Amendment claim regarding her alleged denials of unleavened bread and sea salt;

(4) all claims against Defendant Harrigan;

(5) the federal claims against Defendant Calhoun premised on the Takings Clause and the Due Process Clause;

(6) all claims against Defendant Hood; and

(7) all claims against Defendant Tim.

[*See* Doc. No. 30 at 24]. The Court MODIFIES the R. & R. to the extent that it does not state whether the dismissals of Plaintiff's claims, described above, are with or without prejudice. The Court dismisses the claims above without prejudice.

Therefore, at this screening stage of the case, the Court concludes that Plaintiff has stated (1) state law claims for larceny and conversion against Defendant Calhoun based on allegations regarding her confiscation of Plaintiff's TV, knitted beanies, wall radio, rain jacket, remote control hobby crafts, prayer oils, sweatpants, and shorts; and (2) a First Amendment claim against Defendant Cation regarding her alleged denials of unleavened bread and sea salt. [*See id.*]. The Court refers these remaining claims to Judge Erwin for further proceedings consistent with its prior referral. [Doc. No. 4]. [*See also* Doc. No. 29 at 3 (noting that upon completion of the screening process of the Third Amended Complaint, Judge Erwin will issue an order to address any pending matters such as whether serving summonses and the complaint on remaining defendants is appropriate)].

IT IS SO ORDERED this 4th day of November 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE